**Martin Miguel NUNEZ, Ludivina Del Carmen Nunez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–71384.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 25, 2009.

Ilyce Sue Shugall, Esquire, Marc Van Der Hout, Van Der Hout, Brigagliano &

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Nightingale, LLP, San Francisco, CA, for Petitioners.

John Blakeley, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Martin Miguel Nunez and Ludivina del Carmen Nunez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal and denying their motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the Nunezes failed to show exceptional and unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Contrary to Petitioners' contention, the agency's application of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003). Petitioners' claim that the agency violated due process by failing to follow precedent is unsupported by the record

R.App. P. 34(a)(2).

and therefore not colorable. *See Martinez–Rosas,* 424 F.3d at 930.

We reject petitioners' challenge to the BIA's denial of their motion to remand. The BIA acted within its broad discretion in determining that the evidence submitted was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is 'arbitrary, irrational, or contrary to law').

To the extent Petitioners contend that the BIA violated due process by failing to consider some or all of the evidence they submitted with the motion to remand, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.